The opinion of the court was delivered by
Tilghman. C. J.
This is a writ of error to the Court of Common Pleas of York county, on a judgment obtained by David Eaton, for the use of Robert Coleman, against Caleb Kirk, on a sci-re facias post annum, SfC. The original judgment.was confessed by the defendant, and remains in full force. The scire facias was referred to arbitrators, under the act regulating arbitrations, andan award was made in favour of the plaintiff, for the sum of 2418 dollars and 12 cents, and costs. Execution was then issued, by virtue of which the defendant’s land was levied on, and sold, and the money paid by the sheriff, part to the creditors of the defendant, who had a lien on his lands prior to the plaintiff’s judgment, and the residue to the plaintiff, to be applied, as far as it went, towards the satisfaction of his judgment.
The errors assigned in the record of the judgment, may be reduced to two heads: 1. That the defendant was not served with notice of the rule of'reference. 2. That the prothonotary appointed a less time than 20 days, for 'the meeting of the arbitrators.
1. The act of assembly directs, that the party at whose instance the arbitrators are appointed, shall take out a rule of reference properly authenticated, and serve it on the adverse party: and “ that the proof of service shall be by oath or affirmation of the person serving the same.” In this case, it appears by the record, “that the defendant and his attorney acknowledged the service of the woiice.” Now where can be the necessity at proof, when the party acknowledges the fact? If such acknowledgment had not been made, proof would have been necessary, and then the kind of proof required by the act, would have been essential. It was for the sake of the defendant that the law prescribed the mode of proof. The defendant then, may waive the advantage that the law gave him. By so doing he saved the costs of the probate, and that was probably the reason of his dispensing with it. This exception, therefore, is not good.
*107 2. The 2d error is more substantial. It is enacted by the 7th section of the act, that it shall be-the duty of the prothonotary to fix a day and hour certain, on which the arbitrators shall meet, which shall not be less than 20, nor more than 30 days after their appointment, (except in the city and county of Philadelphia,') and the placeof such meeting shall also be fixed by the prothonotary; provided always that if the parties can agree they may fix the time when and the place where the arbitrators are to meet. In the present instance, the entry on the docket is as follows: “plaintiff and prothonotary appoint Samuel Heckert and George Haller, Esquires, and Jacob Upp, arbitrators, to meet at Clement Slillingcrs, York, on the 5th October next.” This appointment was made on the 20th September, so that there was not 20, nor even 15 days, between the time of appointment and time of meeting. The. defendant did not appear before the arbitrators, so that there is no ground for saying that he cured the defect of notice by his subsequent conduct. But the counsel for the plaintiff contend, that the appointment was made by the agreement of the parties, although the docket entry is equivocally expressed. It is possible that it may have been so, but strong as my inclination is, to support awards where there is no reason to think that injustice has been done, I cannot find enough on this record to warrant the conclusion, that the time of meeting was fixed by the agreement of the parties. It certainly is not so expressed. The words are, that the plaintiff and, prothonotary appoint the arbitrators to meet on the 5th October. But this is not all. The defendant took no part in the appointment of the arbitrators, from which it may be presumed, that he was not present. This is a very material circumstance; if he was not present, he could not have agreed. If it had appeared that he was present, there might be some plausibility inthe argument of the plaintiff’s counsel. But that not appearing, we must not distort the docket entry, nor force the words from their obvious meaning. Understanding then, that the prothonotary fixed the time of meeting contrary to law, the proceedings of the arbitrators have no foundation to rest on, and the judgment must be erroneous. But the defendant asks for restitution. Under the circumstances of this case, that is a very important question. The plaintiff’s original judgment, which was a lien on the defendant’s land, is in force. But the lien is gone, by the sale of the land, because the purchasers will hold it, notwithstanding thejudgment be reversed. Then if the money be put in the hands of the defendant, all security is gone. It appears, that the defendant is in bad circumstances. The proceeds of sale did not pay the whole of the plaintiff’s debt. The .plaintiff ought not to hold the money, after the reversal of the judgment. But he has a right to ask of the court, that they will place it, where it may be found if it shall be proved that he has not received satisfaction for his original judgment. We cannot presume, that the judgment has been satisfied. Its strength is not at all impaired by the reversal of the pro *108 eeedings. On the scire facias. I do not recollect that a case so circumstanced has hitherto been before the court. We have said, that in general, restitutio is a matter of course. But it will be found that in the cases which have been decided, the original judgment has been reversed, and then there is no room for presumption that there is anything due to the plaintiff, or if the .original judgment has not been reversed, there has been no suggestion, that the security of the plaintiff would be endangered by the restitution. The defendant ■will obtain substantial justice, and ought to be satisfied, if the money in the hands of the plaintiff be deposited in court, subject to the event of a trial on the issue of payment, in another scire facias to be sued out by the plaintiff. If indeed, the defendant had a right to an award of restitution ex debito justitise, then this court would be bound to give it, b.e the consequence what it may. But that I do not take to be the case. In Baker v. Smith, 4 Yeates, 185, the court quashed the execution, but refused to award restitution. In regard to executions levied on land, our situation is different from England. There, the land is not sold, and therefore the judgment retains its lien although restitution be made of the land. ■ I mean in a case like the present, where the judgment on the scire facias is reversed, without touching the original judgment. But with us, the lien is destroyed by the sheriff’s.sale, which stands good, though the judgment be reversed. Suppose judgment on a scire facias on a mortgage should be reversed, for some defect in form, after the mortgaged property had been sold. • Would it not be abad administration of justice, if the mortgagee should be compelled to place th.e money in the hands of the mortgagor, in insolvent circumstances, and thus lose all security for his debt? And how, in principle, is that to be distinguished from the case before us? Courts of justice .are studious to preserve to the parties, all the security in their power. And in this, they look to the defendant as well as the plaintiff A writ of error is no supersedeas to an execution, whose operation has commenced before notice tp the plaintiff. Yet, if the case require it, the money levied by the execution will be retained in court, till the event of the writ of error be known. 2 Saund. 101, (note b.) Willes, 271. There, the court ties the hands of the plaintiff, for the security of the defendant. Here, we ought not to shut our eyes on the consequences of giving this money to the defendant; which there is great reason to think he is indebted to the plaintiff Neither is it a circumstance to be disregarded, that the defendant has suffered so considerable time to elapse, before he proecuted his writ of error. We observe too that the first sales of the defendant’s land was set aside by the court below. The record does not state, on whose motion, but certainly the probability js, that the defendant moved it. We see too, that the matter for which we think ourselves obliged to reverse'this judgment, was no more than a slip of the prothonotary, either in appointing the |ime of meeting of tjie arbitrators, or in making his docket entry. *109 And that the defendant had actual notice of the time of meeting, but did not think proper to attend, or to make any objection at the time.' These things would have no weight, if restitution was a matter of strict right, dema.idable by the defendant at this time, and in this form. Put. if that be not the law, as I take it not to be, then it will be doing justice to both parties, if the money be brought into court, there to remain, till it be decided to whom it belongs. And this decision may soon be had, by'the plaintiff’s suing out another scire facias in the court of Common Pleas. I-am of opinion therefore, that the judgment should be reversed, and the money which the defendant received of the sheriff, brought into court to await their future order. As to the money which has been paid to other persons, who' are not now before the court, nothing at present can be said concerning it.
Judgment reversed, and the money which the plaintiff received to be brought into court to await future order,